UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM MONTGOMERY, individually and on behalf of all others similarly situated, | : : : : | CIVIL NO. 3:19-cv-01182-AVC |
| Plaintiff, | : : | |
| v. | : : | |
| STANLEY BLACK & DECKER, INC., d/b/a CRAFTSMAN, | : : : | |
| Defendant. | : | SEPTEMBER 25, 2019 |

## DEFENDANT'S MOTION TO DISMISS THE COMPLAINT

Defendant Stanley Black & Decker, Inc. ("SBD") hereby moves to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b) and 9(b). In this second attempt by Plaintiff's counsel to rehash a nationwide, judicially-approved class action settlement, Plaintiff seeks to relitigate issues long resolved in the matter captioned *In re Shop-Vac Marketing and Sales Practices Litig.*, MDL No. 2380, Case No. 4:12-md-02380-YK (M.D. Pa.): namely, that the packaging of certain wet/dry vacuums allegedly misleads consumers because it includes a statement of "Peak Horsepower" on the label that reflects the vacuum motor's power during lab testing. Plaintiff's claims fail as matter of law and should be dismissed.

Virginia law, which applies to Plaintiff's claims under Connecticut's choice-of-law rules, directs that Plaintiff could not have been misled by the product packaging forming the gravamen of each of Plaintiff's claims. Similarly, no warranties (express or implied) could have been created about the Peak Horsepower measurement on the product when words on the front panel of the box explain exactly what the measurement means, and Plaintiff does not allege that the

ORAL ARGUMENT REQUESTED

vacuum failed to perform its ordinary functions or even failed to perform as Plaintiff subjectively believed it should perform. No warranties were created, nor could any have been breached. Plaintiff's unjust enrichment claim is barred because he did not provide a direct benefit to SBD and because he has not been unjustly enriched; he bought a product that is exactly what the label says it is. Plaintiff's claims of fraud, negligent misrepresentation, and violation of the Virginia Consumer Protection Act fail because he does not allege a misrepresentation or false statement and he cannot plausibly allege justifiable reliance where words on the front panel of the product box say "in actual use, wet dry vacuum motors do not operate at the peak horsepower shown." Plaintiff cannot bring an individual claim under the Connecticut Unfair Trade Practices Act, but even if he could, Plaintiff could not do so on behalf of a proposed class. Finally, Plaintiff lacks Article III standing to assert claims for injunctive or declaratory relief. For all of these and other reasons set forth in the accompanying memorandum of law, SBD moves to dismiss all of Plaintiff's claims with prejudice.

DEFENDANT,
STANLEY BLACK & DECKER, INC.,

By: /s/ Paul D. Williams
Paul D. Williams (ct05244)
John W. Cerreta (ct28919)
Kaitlin A. Canty (ct29074)
Day Pitney LLP
242 Trumbull Street
Hartford, CT 06103-1212
Telephone: (860) 275-0100
Facsimile: (860) 275-0343 (Fax)
Email: pdwilliams@daypitney.com
Email: jcerreta@daypitney.com
Email: kcanty@daypitney.com

Michael B. Shortnacy (*pro hac vice* pending)
King & Spalding LLP
633 West Fifth Street
Suite 1600

Los Angeles, CA 90071  
Telephone: (213) 443 4355  
Email: mshortnacy@kslaw.com

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this Motion to Dismiss was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the court's CM/ECF system.

By: /s/ Paul D. Williams