UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| WILLIAM MONTGOMERY, individually and on behalf of all others similarly situated, | : : : : | CIVIL NO. 3:19-cv-01182-AVC |
| Plaintiff, | : : | |
| -vs- | : : | |
| STANLEY BLACK & DECKER, INC., d/b/a CRAFTSMAN, | : : : | |
| Defendant. | : | SEPTEMBER 25, 2019 |

## DECLARATION OF SUSAN H. WOLF
## IN SUPPORT OF STANLEY BLACK & DECKER, INC.'S MOTION TO DISMISS

I, SUSAN H. WOLF, hereby declare as follows:

1. I am the Director of Marketing and the Manager of Customer Service for Shop-Vac Corporation ("Shop-Vac"), positions I have held for approximately eleven and eight years, respectively. In total, I have worked in various capacities in Shop-Vac's marketing and customer service departments for approximately 25 years. These departments are physically located and staffed in Shop-Vac's headquarters in Williamsport, Pennsylvania, where they have been for the past 25 years.

2. Shop-Vac manufactures and packages wet/dry vacuum products under the Shop-Vac brand that are sold by Shop-Vac directly to consumers and by Shop-Vac to various retailers and distributors. Shop-Vac manufactures and packages pursuant to a license agreement with Stanley Black & Decker, Inc. the "Craftsman" branded wet/dry vacuum Plaintiff William Montgomery ("Plaintiff") claims to have purchased.

3. I submit this Declaration in support of Stanley Black & Decker, Inc.'s Motion to Dismiss, and to show the Court the attached master copies of box carton artwork representing the actual and complete product labeling that was applied by Shop-Vac to the cardboard box of the Craftsman brand wet/dry vacuum unit that Plaintiff alleges he purchased. The following facts are of my own personal knowledge, and if called upon to do so, I could and would competently testify to the facts set forth below.

4. In my role as Director of Marketing and the Manager of Customer Service, I have detailed knowledge of and responsibility for Shop-Vac's cataloging (by catalog and model number) of all wet/dry vacuums that Shop-Vac manufactures. Shop-Vac tracks catalog and model numbers for each of the wet/dry vacuums it manufactures, regardless of the brand under which a product is sold, including Shop-Vac made products sold under the Craftsman brand.

5. I also oversee the creation of artwork (*i.e.*, the product label) that is physically printed or affixed onto the cardboard packaging of all wet/dry vacuum products manufactured by Shop-Vac, regardless of the brand name applied to the products, as these products are placed into the stream of commerce for sale. I also have detailed knowledge of how electronic master copies of product packaging artwork are stored on and retrieved from Shop-Vac's computer systems.

6. I have reviewed and am familiar with the allegations in Paragraph 5 of the Complaint relating to the product Mr. Montgomery claims to have purchased. Specifically, Plaintiff alleges that in November or December of 2018, he purchased a "'Craftsman 16 Gallon Wet/Dry Vac' with '5.0 Peak HP,' Model No. CMXEVBCPC1650" from "a Lowe's retail store in Virginia Beach, Virginia." Compl. ¶ 5. This model of vacuum is manufactured and packaged by Shop-Vac and sold under the Craftsman brand.

7. This model number is a unique identifier that ties to the specific artwork placed on the box carton of a specific product. The image of the artwork for the box carton of the product Plaintiff identifies reflects a Shop-Vac catalog number of 94016. Taken together, these unique catalog and model numbers allow me to precisely identify the exact artwork placed on the box of a given Shop-Vac made product.

8. Based on the information contained in Paragraphs 5 and 13 of the Complaint, I have researched the Craftsman branded product that Plaintiff alleges to have purchased. I have located the electronic master copy of the artwork that was printed by Shop-Vac on the carton of this Craftsman-branded product as it entered the stream of commerce.

9. A true and correct copy of the artwork that is printed by Shop-Vac on the cardboard box of the Craftsman brand wet/dry vacuum Plaintiff alleges he purchased, is attached hereto as **Exhibit A**. This artwork is the actual and complete artwork that was printed by Shop-

Vac on the box of this Craftsman product in or around late 2018 as it was offered for sale at the Lowe's retail store where Plaintiff claims he purchased the product (the thin blue line on the artwork indicates where the box folds). Therefore, the artwork attached as **Exhibit A** is necessarily an exact replica of the images that Plaintiff would have seen on the cardboard box panels of the wet/dry vacuum Plaintiff alleges he purchased.

10.   The artwork shown in **Exhibit B** is the glossy label affixed by Shop-Vac to this product's front panel and one of its side panels (filing in the blank panels on the artwork at **Exhibit A**). The product label at **Exhibit B** measures 18.9375 inches wide and 22.0625 inches high on the actual box carton of the Craftsman product at issue.

11.   The explanatory statement regarding Peak Horsepower as it is printed on the front panel of the box and one of its side panels measures 3.8819 inches wide by .373 inches high. Below is a 1:1 image of the actual size of the explanatory statement as it appears on the box carton of the Craftsman brand wet/dry vacuum that Plaintiff alleges he purchased (an identical 1:1 image of the lithograph is also attached for the Court's convenience as **Exhibit C**):



12.   Shop-Vac does not print any representations or statements on this Craftsman brand box carton that are not contained on the attached box carton artwork (at Exhibits A, B, & C).

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed this 25th day of September 2019 in Williamsport, Pennsylvania.

*Susan H. Wolf*
SUSAN H. WOLF