20-4261
Montgomery v. Stanley Black & Decker Inc.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 25th day of August, two thousand twenty one.

Present:  JON O. NEWMAN,
 ROSEMARY S. POOLER,
 RAYMOND J. LOHIER, JR.,
  *Circuit Judges*.

WILLIAM MONTGOMERY, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, DONALD WOOD, JR., INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,

*Plaintiffs-Appellants*,

v.    20-4261

STANLEY BLACK & DECKER INC., DBA CRAFTSMAN,

*Defendant-Appellee.*[1]

Appearing for Appellants:  Frederick J. Klorczyk III, Bursor & Fisher, P.A., New York, N.Y.

Appearing for Appellee:  Anne M. Voigts, King & Spalding LLP (Michael B. Shortnacy, *on the brief*), Palo Alto, CA.

---

[1] The Clerk of Court is directed to amend the caption as above.

CERTIFIED COPY ISSUED ON 08/25/2021

Appeal from the United States District Court for the District of Connecticut (Covello, *J.*). **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of said District Court be and it hereby is **AFFIRMED in part, VACATED in part,** and **REMANDED in part** for further proceedings consistent with this order.

William Montgomery and Donald Wood, Jr. ("Appellants") appeal from the December 1, 2020 judgment of the United States District Court for the District of Connecticut (Covello, *J.*) granting defendant Stanley Black & Decker, Inc.'s ("Craftsman") motion to dismiss Appellants' amended complaint alleging breach of express and implied warranties, unjust enrichment, negligent misrepresentation, fraud, and violations of Virginia's Consumer Protection Act and Sections 349 and 350 of New York's General Business Law. We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

We take all facts from Appellants' amended complaint and draw all reasonable inferences in Appellants' favor. *See Cap. Mgmt. Select Fund Ltd. v. Bennett*, 680 F.3d 214, 219 (2d Cir. 2012). Montgomery purchased a Craftsman vacuum in Virginia in 2018. The vacuum's packaging noted a "5.0 Peak HP." App'x at 3. The term "HP" describes an object's horsepower, or its power output. Montgomery reviewed and relied on the vacuum's packaging prior to purchasing it. Wood purchased a Craftsman vacuum with a "5.5 Peak HP" claim in New York in 2018. App'x at 4. Wood also reviewed and relied on the vacuum's packaging prior to purchasing it. Appellants allege that the representations of peak horsepower were false in that the "Peak HP" numbers for various models were exaggerated by 60 to 85 percent. Although Craftsman points out that the vacuums in normal use do not operate at peak horsepower, the first sentence of their disclaimer, which they assert as a defense, states that "'Peak Horsepower' (PHP) is a term used in the wet-dry vacuum industry for consumer comparison purposes." Supp. App'x at 68.

Montgomery filed an initial complaint in August 2019 alleging claims arising out of the peak HP representations. Craftsman moved to dismiss, arguing that no reasonable consumer could have been misled by any peak HP representation because of a disclaimer that appears on the products' packaging. That language states:

> †"Peak Horsepower" (PHP) is a term used in the wet-dry vacuum industry for consumer comparison purposes. It does not denote the operational horsepower of a wet-dry vacuum but rather the horsepower output of a motor, including the motor's inertial contribution, achieved in laboratory testing. In actual use, wet dry vacuum motors do not operate at the peak horsepower shown.

App'x at 85. This language is immediately adjacent to a dagger symbol and the same dagger symbol appears immediately adjacent to the challenged peak HP representations. The disclaimer language is in 7 point letters on the bottom edge of the vacuum's packaging's front panel while the peak HP representations appear on the upper left side of the front panel in approximately 72 point letters. The disclaimer does not appear in bold, capitalized, or italicized text, and it is not enclosed in a box. Montgomery did not include or otherwise refer to the disclaimer in his complaint. After Craftsman filed its first motion to dismiss, Appellants amended the complaint to add Wood as a plaintiff, but the amended complaint failed to mention or otherwise refer to the

disclaimer. The packaging for Wood's vacuum included similar disclaimer language on a side panel, which was also unmentioned in the amended complaint. When Craftsman again moved to dismiss, the district court granted Craftsman's motion, concluding that Appellants failed to state plausible claims because the disclaimer indicated that in actual use, the vacuums do not operate at the peak HP amounts shown. The district court ruled that the vacuums' packaging, which was referred to in the Appellants' complaint and which was attached as exhibits to Craftsman's motion to dismiss, was incorporated by reference into the complaint. Appellants do not challenge this ruling on appeal. Further, because the amended complaint did not mention or otherwise discuss the disclaimer, the district court did not consider Appellants' arguments in opposition to Craftsman's motion to dismiss, for example, that the disclaimer did not cure any misrepresentations, finding that such arguments were not properly before it.

Appellants argue that the district court erred by failing to consider their arguments in opposition to Craftsman's motion to dismiss and that the district court also erred when it dismissed their complaint and abused its discretion when it made the dismissal with prejudice. We agree.

Appellants argue that the district court erred when it failed to consider their arguments in opposition to Craftsman's motion to dismiss because a district court may only decline to consider arguments under limited circumstances not present here, such as when a party makes a new argument in a reply brief or fails to present an argument to a magistrate judge. We have previously held that "[o]rdinarily, parties may not amend the pleadings through motion papers" because "a party is not *entitled* to amend its complaint through statements made in motion papers." *Soules v. Conn., Dep't of Emergency Servs. & Pub. Prot.*, 882 F.3d 52, 55 (2d Cir. 2018) (citation omitted). Here, Appellants did not seek to amend their pleadings—they merely sought to counter Craftsman's argument that the disclaimer was sufficient for a reasonable consumer not to be misled by the peak HP claims. The district court erred when it failed to consider Appellants' arguments that the disclaimer's size and placement were insufficient to render Craftsman's claims not misleading to a reasonable consumer. Though we have held that "[a] plaintiff who alleges that he was deceived by an advertisement may not misquote or misleadingly excerpt the language of the advertisement in his pleadings and expect his action to survive a motion to dismiss, or, indeed, to escape admonishment," *Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013), Appellants included the full language of the challenged representation about maximum horsepower in their pleadings. We remand for the district court to permit Appellants to make the argument that the disclaimer does not render the complaint insufficient, *i.e.*, that the disclaimer's statement about normal operating horsepower does not eliminate the misleading nature of the claim about maximum horsepower.

Appellants also argue that the district court erred by dismissing their complaint with prejudice because they could amend their complaint to include additional allegations regarding their understanding of the disclaimer, its size, placement, and context. They did not file a formal motion to amend their complaint and included their request to amend in the last sentence of their opposition papers.

We review a district court's denial of leave to amend for abuse of discretion. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 108 (2d Cir. 2007). "As a general principle,

district courts should freely grant a plaintiff leave to amend the complaint." *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 198 (2d Cir. 2013). A district court abuses its discretion when plaintiffs "[are] not provided an opportunity to seek leave to amend in response to the District Court's order of dismissal." *Id.* This occurs, for example, when a district court "enter[s] final judgment the next business day after the opinion was issued." *Id.* This is because "[a]bsent an opportunity to amend, Plaintiffs cannot be held accountable for failing to make the necessary motion." *Id.* The district court issued its order granting Craftsman's motion to dismiss on November 30, 2020 and entered judgment in Craftsman's favor on December 1, 2020. Appellants did not have the opportunity to seek formal leave to amend in response to the district court's order. The district court knew the theory that Appellants would raise in any amended complaint regarding the disclaimer because Appellants included their theory—namely that the disclaimer was insufficient because it appeared in small point letters that were separated from the peak HP claims and not capitalized or bolded—in their opposition to the motion to dismiss.

Accordingly, the judgment of the district court hereby is AFFIRMED in part as to the dismissal of Wood's negligent misrepresentation claim,[2] and otherwise VACATED in part and REMANDED in part with an instruction that the district court permit Appellants to make the argument that the disclaimer does not render Appellants' complaint insufficient. We also instruct the district court to grant Appellants leave to amend.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

---

[2] In the district court, Wood conceded that he "[did] not allege a 'special relationship' with [Craftsman] sufficient to state a claim for negligent misrepresentation under New York law." App'x at 160. The dismissal of that claim is not affected by this appeal.